## Luke and Morgan v. Commonwealth.

### (Decided December 15, 1925.)

### Appeal from Scott Circuit Court.

1. Intoxicating Liquors—Evidence Held to Sustain Conviction for Possessing Intoxicating Liquors.—Evidence held to sustain conviction for illegally possessing intoxicating liquors.

2. Criminal Law—In Prosecution for Having in Possession Intoxicating Liquors, Testimony of One Defendant Held Not Prejudical to Codefendant.—In prosecution for having in possession intoxicating liquors, testimony of one defendant held not to codefendant's prejudice as to matters occurring after they separated, where court admonished jury not to consider it as evidence against him.

LLWELLYN SINCLAIR for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Defendants were convicted for the illegal possession of intoxicating liquors. On this appeal they complain of error in the admission of evidence, and insist that the verdict is not sustained by the evidence.

The facts are: Dewey Blythe was at work at a warehouse of the Burley Tobacco Association in Georgetown. His attention was attracted to an unusual blast from the whistle of a passing train at a private railroad crossing. Looking in that direction he saw an automobile cross the tracks in front of the train and stop near a hedge bush about fifty yards from him. John Luke got out of the car, raised the cover in the back and took out a large pasteboard box. Hamlet Morgan was with Luke and pointed out a place in the bushes, in which Luke deposited the box. Witness went to a nearby telephone and called the sheriff. Upon his return Morgan and a negro were near the hedge bush. The negro started with the

box, it burst and some jars fell out. Morgan picked up some of these and went up the railroad. About this time the sheriff and his two deputies arrived and Morgan dropped the jars and ran and hid in the weeds near a pond, where he was apprehended by the officers; the negro also ran, but the officers were unable to find him. However, they found the box and eight quarts of moonshine liquor. The machine was a Buick roadster owned by the appellant, Luke, who was arrested later in the day.

When arrested Morgan told the officers that he came along and saw the whiskey; that it looked good and he stopped to buy some of it; that the reason he ran was that he did not want to be caught there in the crowd. Luke admits the ownership of the machine and states that he, Morgan and Claude Hudson had been to Newtown and were returning on the Lemon pike, a public highway and not a private road; that after passing the railroad tracks he stopped his machine for a call of nature, and got out in the bushes at the point indicated by Blythe; that the place Blythe claims to have been at work was at the opposite side of the barn, and he could not have been seen from that point; that he did not take any liquor out of the machine, and the parties had no liquor in their possession; that there was a tire on the rear of his car and he could not have taken the box out in the manner indicated by Blythe. Also, he had measured the receptacle in his car, and that a box the size described by the officers could not have been placed therein, and in fact was never therein. He and his friends were riding for pleasure without any particular business in view; that when they stopped at the railroad Morgan got out, saying that he intended playing "pitch" and immediately left. He (Luke) and Hudson drove into town.

Morgan corroborates Luke in this respect and denies that there was any liquor in the car or that there was any box removed therefrom, and denies that they made any other stop at any time during the ride or talked about getting whiskey; that at his request they let him out at the railroad and he walked up the track to the "Y," but found no one with whom to play pitch and returned. On his return he saw a negro pick up the box in question, but he had nothing to do with it. He also testifies that the machine could not have been seen from the location of Blythe. Hudson's testimony is corroborative of the other two.

Other evidence for the Commonwealth is to the effect that the receptacle in the car would easily accommodate the box described, and that the place it stopped was in full view of the place where Blythe worked. Clearly there was sufficient evidence to support the verdict.

There is no merit in the contention that Morgan testified to Luke's prejudice as to matters occurring after they separated at the railroad tracks. There was only one instance in which his evidence in that particular could have even remotely affected Luke, and in this in-stance the court properly admonished the jury that it could not be considered as evidence on the charge against Luke.

Wherefore, perceiving no error, the judgment is affirmed.